# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LANCE KING,** | **CASE NO. 2:08-cv-317** |
| | **JUDGE SMITH** |
| **Petitioner,** | **MAGISTRATE JUDGE ABEL** |
| v. | |
| **DEB TIMMERMAN-COOPER, Warden,** | |
| **Respondent.** | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## SUMMARY of ISSUES

Petitioner Lance King was convicted on four counts of robbery, one count each of aggravated robbery and kidnaping. He seeks his release form custody on the grounds that he was denied his rights to (1) a fair resentencing hearing; (2) a speedy resentencing hearing; (3) a fair review of his constitutional claims on direct appeal; and (4) the effective assistance of appellate counsel. For the reasons discussed in greater detail below, grounds (1) and (3) cannot be considered in federal habeas corpus because they were presented to the Ohio Court of Appeals solely as state law claims. Ground (2) cannot be considered because it was never presented to the Ohio courts, and ground (4) is without merit because, as found by the Ohio Court of Appeals, King was not denied the effective assistance of

appellate counsel.

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On January 21, 1986, at approximately 8:00 p.m., two men robbed the Sohio station located at 17th and Woodland Avenues. The cashier, Lisa Higgins ("Higgins"), testified that two men entered the store and one went through the cash register drawer while the other man took the other employee, Roy Ward, Jr. ("Ward"), to a back room. When the robber told Higgins to lay on the floor, she refused because she was five months pregnant. One shot was fired but no one was injured. Higgins was taken to the back room and the robbers took approximately $175 from her purse before leaving.
>
> At approximately 9:00 p.m., on that same evening, the Clarmont restaurant was robbed by three men. The men took money from the cash register, fur coats and an employee's purse. As the men were leaving, the police arrived. Two men ran out the north side doors of the restaurant and were chased by the police officers. Gunfire was exchanged. One of the men, George Walker ("Walker"), who was later apprehended while hiding under a porch, shot at a police officer while trying to escape over a fence. The third robber left the restaurant through another door.
>
> Appellant was detained at approximately 9:30 that evening while he was running down High Street because he matched a description of the robber. He was taken to the Clarmont but, since the few restaurant patrons who attempted to identify him were unable to do so, he was released. The police connected the two robberies based upon the descriptions of the robbers and appellant was subsequently arrested two days later.
>
> Appellant was indicted on January 31, 1986, along with co-defendant, Walker, in a several count indictment charging him with aggravated robbery of the Clarmont Restaurant and its

employees, aggravated robbery of a Sohio station and one of its employees, kidnapping of one of the Sohio employees, and felonious assault of two police officers at the Clarmont. Walker was convicted in 1986.[FN1] Appellant did not appear for trial on January 15, 1987. Appellant was rearrested on October 1, 1990 and appellant again failed to appear for trial on May 1, 1991. Appellant was rearrested on August 16, 1994, and the case was tried earlier this year.

FN1. Walker's conviction was affirmed by this court in *State v. Walker* (July 16, 1987), Franklin App. No. 86AP-816, unreported (1987 Opinions 1385).

Appellant filed two motions to suppress identification testimony. One was filed by his attorney alleging that all pretrial identifications violated appellant's Ohio and United States Constitutional rights. The second motion was filed *pro se* and requested suppression of all pretrial identifications made after appellant was shown on a television news broadcast the night of the crime. When appellant was taken to the Clarmont for possible identification, members of the media were present and employees in the Clarmont apparently saw appellant on the news broadcast.

The testimony during the suppression hearing concerned the identification of appellant by the two Sohio employees. The police detective, James Longerbone ("Longerbone"), testified that the day after the robberies, he had shown Higgins, the Sohio cashier, a photo array which included appellant's and Walker's pictures. Higgins testified that she chose two pictures and, at the time she identified the pictures, she was absolutely positive that those two men were the perpetrators; however, she could not identify appellant in court, eight years after the robbery.

Longerbone testified that the photographs that Higgins chose were appellant and Walker. He stated that Higgins signed her name and dated the back of the photographs; however, the photo array was lost during Walker's appeal so it could not be used at appellant's trial. The trial court overruled the motions to suppress identification testimony.

> The jury found appellant guilty on seven of the eight charges that were submitted, as well as the firearm specifications.

*State v. King*, 1995 WL 771438 (Ohio App. 10th Dist. December 19, 1995). The trial court sentenced petitioner to 68 to 165 years plus six years on two firearm specifications, such sentence to be served consecutively to a sentence petitioner was serving in New York. *Exhibit 6 to Return of Writ*. Petitioner filed a timely appeal, in which he raised the following assignments of error:

> ASSIGNMENT OF ERROR NO. 1:
>
> THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE APPELLANT'S MOTION TO SUPPRESS THE IDENTIFICATION TESTIMONY OF DETECTIVE LONGERBONE AND LISA HIGGINS AS THERE WAS NO SHOWING THAT THE IDENTIFICATION PROCEDURE WAS RELIABLE AND THE TESTIMONY WAS HEARSAY, OPINION BASED ON FACTS NOT IN THE RECORD, AND HIGHLY PREJUDICIAL THEREBY DENYING APPELLANT HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE U.S. AND OHIO CONSTITUTIONS.
>
> ASSIGNMENT OF ERROR NO. 2:
>
> THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL WHEN DETECTIVE LONGERBONE TESTIFIED TO HEARSAY STATEMENTS AS SUCH STATEMENTS WERE HIGHLY PREJUDICIAL AND VIOLATED APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
>
> ASSIGNMENT OF ERROR NO. 3:
>
> THE TRIAL COURT ERRED IN FAILING TO DETERMINE THAT THERE WAS INSUFFICIENT EVIDENCE TO

> CONVICT APPELLANT KING AS REQUIRED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION.
>
> ASSIGNMENT OF ERROR NO. 4:
>
> THE CONVICTIONS OF THE APPELLANT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

*See id.* On December 19, 1995, the appellate court affirmed the trial court's judgment in part, and reversed the trial court's judgment in part as follows:

> [A]ppellant's first, second and fourth assignments of error are overruled, appellant's third assignment of error is sustained as to the felonious assaults upon the police officers, but overruled as to the conviction for robbery of the Sohio station and the conviction of aggravated robbery of Lisa Higgins, the Sohio employee, and the conviction for kidnapping of Roy Ward, a second Sohio employee, the robbery of the Clarmont, the robbery of Cindy Magno, the Clarmont employee; and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part.

*Id.* Petitioner apparently did not file an appeal of the appellate court's decision to the Ohio Supreme Court.

> After the first appeal, nothing further occurred until a second sentencing was scheduled in October 2006. At that time, the trial judge now assigned to the case imposed the same sentence which had been imposed previously for the remaining conviction[s]. The judge indicated that he did not feel he could legally change the sentences for the felony convictions which had been affirmed on direct appeal.

*State v. King,* 2007 WL 2917580 (Ohio App. 10th Dist. October 9, 2007). The trial court sentenced petitioner to 48 years to 115 years plus six years on the two firearm

5

specifications. Three counts of aggravated robbery and two counts of felonious assault were *nolle prosequied* pursuant to the decision of the state appellate court. *Exhibit 20 to Return of Writ.* Petitioner filed a timely appeal in which he asserted the following sole assignment of error:[1]

> The trial court erred when it found it lacked judicial discretion to modify a previous sentence when the case was remanded based upon insufficiency of evidence on two counts and the previous judge abused her discretion by imposing the highest minimum sentence.

*See id.* On October 9, 2007, the appellate court affirmed the trial court's judgment. Petitioner filed a timely appeal, in which he asserted the following propositions of law:

> 1. The trial court erred when it found it lacked the authority to reevaluate the appellant's previous entire aggregated sentence, including those on the unchallenged counts on remand from the decision of the Court of Appeals vacating one or more of the original counts imposing the highest non minimum sentences.
>
> 2. Appellate counsel made a serious error in the handling of appellant's criminal appeals case by failing to fully raise the meritorious resentencing issue of the States's unreasonable delay of ten years to conduct a resentencing hearing, appellate counsel provided constitutional ineffective assistance of appellate counsel, and the appellant is entitled to a new direct

---

[1] Meanwhile, on October 20, 2005, petitioner filed a motion for sentence revision in the state trial court. *Exhibit 12 to Return of Writ.* On November 7, 2005, the trial court denied petitioner' s motion. *Exhibit 14 to Return of Writ.* On March 3, 2006, the appellate court *sua sponte* dismissed his subsequent appeal for failure to file an appellant brief. *Exhibit 16 to Return of Writ.* On February 7, 2006, petitioner also filed a motion to correct manifest miscarriage of justice. *Exhibit 17 to Return of Writ.* On April 17, 2006, the trial court denied that motion as untimely. Exhibit 19 to Return of Writ.

appeal to fully brief the issue with effective representation....

*Exhibit 25 to Return of Writ*. On January 23, 3008, the Ohio Supreme Court denied petitioner's appeal. *State v. King*, 116 Ohio St.3d 1480 (2008).

On November 26, 2007, petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 35 to Return of Writ.* On November 28, 2007, he filed an amended application to additionally assert that he was denied the effective assistance of appellate counsel when his attorney, due to her conflict of interest in also being trial counsel who represented him at his re-sentencing hearing, could not raise her own ineffective representation at the re-sentencing hearing. *Exhibit 35a to Return of Writ*. On February 28, 2008, the appellate court denied his application for reopening. *Exhibit 37 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 38 to Return of Writ.* On May 21, 2008, the Ohio Supreme Court dismissed his appeal. *Exhibit 40 to Return of Writ*.

On April 10, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Lance King was deprived of his right to a fair resentencing hearing in violation of his constitutional rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, when the trial judge found that he lacked the judicial discretion under the previous practice of the sentencing package doctrine to reevaluate the entire multi sentences imposed under Ohio's old law, that are interdependent, after remand from the Court of

7

>Appeals' decision that vacated two convictions for felonious assault. The trial court in making its decision retroactively applied the new judicial ruling in the Supreme Court of Ohio's decision set forth in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1254, that is clearly distinguish in facts.
>
>2. Lance King was deprived of his right to a speedy resentencing hearing in violation of his constitutional rights under the Sixth Amendment to the United States Constitution, when the state trial court waited more than ten years to comply with the Court of Appeals' mandate to vacate his two convictions for felonious assault set forth in *State v. King* (December 19, 1995), 10th Dist. No. 95-AP-421, that caused the trial judge at the October 2006 resentencing hearing to retroactively apply the new judicial ruling in the Supreme Court of Ohio decision in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1254, that is distinguish from Mr. King circumstances at the resentencing hearing.
>
>3. Lance King was deprived of his right to fair review on direct appeal in violation of his constitutional rights under the Fourteenth Amendment to the United States Constitution when the Court of Appeals retroactively applied the new judicial rulings in the Supreme Court of Ohio decisions in *State v. Saxon*.... and *State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861 at ¶1 of the syllabus, that resulted in a decision that is contrary to the clearly established Federal law set forth in *Teague v. Lane*, 489 U.S. 288.... and resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the direct appeal from the resentencing hearing.

On August 19, 2008, petitioner amended his habeas corpus petition to include the following additional claim:

>4. Ineffective assistance of appellate counsel.

It is the position of the respondent that petitioner has waived claims one through three by

failing to present such claims to the state courts as a federal constitutional issue, and that all of petitioner's claims are without merit.

## CLAIMS ONE AND THREE

In claims one and three, petitioner asserts that he was denied due process because the state trial court retroactively applied *State v. Saxon, supra*, and *State v. Evans*, *supra*, in a manner that is contrary to the United States Supreme Court's decision in *Teague v. Lane, supra*, resulting in improper application of the "sentencing package doctrine" at his re-sentencing hearing. Petitioner failed to present such claims, however, to the state courts as a federal constitutional issue.

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Anderson v. Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir.1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir.1983)(citing *Harless,* 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993)(citing *Franklin v. Rose,* 811 F.2s 322, 326 (6th Cir.1987)). Courts

9

normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir.1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz,* 888 F.2d 1097, 1098 (6th Cir.1989).

Petitioner argued before the state courts on appeal from his re-sentencing, that the trial court had improperly failed to reconsider his entire sentence at his re-sentencing hearing, and that the prior trial judge had abused her discretion in imposing his original sentence. Petitioner argued that he was entitled to be sentenced under the sentencing packaging doctrine, *i.e.,* that the trial court had the authority under Ohio law, at least as it existed at the time his convictions were vacated, to reconsider his entire sentence at re-sentencing, and that the court had acted improperly in failing to do so. *See Exhibits 22, 25 to Return of Writ.* Petitioner raise any issue regarding the denial of due process, or allege that the trial court violated federal law or the United States Constitution when re-sentencing petitioner. Petitioner similarly failed to refer to *Teague v. Lane, supra*, or any other federal cases or state cases relying on federal law, in presenting his claims to the Ohio courts. In short, he raised his claims solely as an issue of state law. *See id.*

The state appellate court likewise reviewed his claims solely for a violation of state law:

10

Appellant, Lance King, is appealing from the sentence he received for his conviction on several felonies. He assigns a single error for our consideration:

The trial court erred when it found it lacked judicial discretion to modify a previous sentence when the case was remanded based upon insufficiency of evidence on two counts and the previous judge abused her discretion by imposing the highest minimum sentence.

Appellant was indicted on charges of aggravated robbery, felonious assault and kidnapping based upon incidents which occurred in 1986. His trial on the charges occurred in 1995. He appealed and two of the convictions were overturned for lack of sufficient evidence. See *State v. King* (Dec. 19, 1995), Franklin App. No. 95APA04-421.

After the first appeal, nothing further occurred until a second sentencing was scheduled in October 2006. At that time, the trial judge now assigned to the case imposed the same sentence which had been imposed previously for the remaining conviction. The judge indicated that he did not feel he could legally change the sentences for the felony convictions which had been affirmed on direct appeal. The direct appeal addressed the sufficiency of the evidence, the weight of the evidence, an evidentiary ruling and a ruling on a motion to suppress, but no sentencing issues.

The trial court relied upon *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 21, in which the Supreme Court of Ohio indicated:

No purpose can be served by forcing a sentencing judge to revisit properly imposed, lawful sentences based upon an error in the sentence for a separate offense.

The ruling in the *Saxon* case was recently affirmed in *State v. Evans,* 113 Ohio St.3d 100, 2007-Ohio-861. The first paragraph of the syllabus for the *Evans* case reads:

An appellate court may not vacate and remand an entire

> sentence imposed upon a defendant when the error in sentencing pertains only to a sanction imposed for one specification.
>
> Both cases indicate R.C. 2953.08(G)(2) by implication at least bars a resentencing for sentences which were not appealed.
>
> R.C. 2953.08(G)(2) reads:
>
> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.
>
> We are bound by the Supreme Court of Ohio's interpretation of R.C. 2953.08(G)(2) and the Supreme Court of Ohio's decisions in *Saxon* and *Evans,* supra. We, therefore, overrule the single assignment of error submitted for our review.
>
> The judgment of the Franklin County Court of Common Pleas is affirmed.

*State v. King, supra,* 2007 WL 2917580. Further, petitioner has failed to establish cause for his failure to present claims one and two to the state courts as a federal constitutional issue.

12

He therefore has waived his right to present such claims here.

To the extent that petitioner presents a claim regarding the alleged violation of state law, such claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir. 1988).

### CLAIMS TWO AND FOUR

In claim two, petitioner asserts that his denial of a speedy re-sentencing hearing violated the Constitution. *See Petition; Traverse*. Petitioner failed, however, to raise this claim in the Ohio Court of Appeals. *See Exhibit 22 to Return of Writ*. He first presented claim two to the state courts in his subsequent appeal to the Ohio Supreme Court. *See Exhibit 25 to Return of Writ*. However, petitioner did not thereby preserve claim two for

federal habeas corpus review, as the Ohio Supreme Court does not ordinarily consider claims not first raised in the appellate court below. *See Mitts v. Bagley,* 2005 WL 2416929 (N.D.Ohio September 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips,* 27 Ohio St.2d 294, 302 (1971)).[2]

---

[2] The United States Court of Appeals for the Sixth Circuit has "assumed without deciding" that the Sixth Amendment guarantees a right to a speedy re-sentencing. *United States v. Woods*, 88 Fed.Appx. 827, 2004 WL 193152 (6th Cir. January 30, 3004), citing *United States v. Thomas,* 167 F.3d 299, 303 (6th Cir. 1999); however, petitioner does not refer to, and this Court is aware of no decisions of the United States Supreme Court applying the Sixth Amendment to guarantee the right to a speedy re-sentencing. A violation of the decisions of the United States Court of Appeals for the Sixth Circuit, however, does not warrant federal habeas corpus relief. 28 U.S.C. §2254(d):

> The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d).... [and] only the "clearly established" holdings, and not the *dicta*, of the Supreme Court. *Williams,* 529 U.S. at 412; *Bailey,* 271 F.3d at 655. This court may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *See Williams,* 529 U.S. at 381 ("If this Court has not broken sufficient legal ground to establish an asked for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."); *Bailey,* 271 F.3d at 655; *Harris v. Stovall,* 212 F.3d at 943. The AEDPA standard includes an important temporal limitation. " '[C]learly established Federal law as determined by the Supreme Court of the United States,' refers to 'the holdings, as opposed to the *dicta,* of [the Supreme] Court's decisions as of the time of the relevant state-court decision." ' *Dennis v. Mitchell,* 354 F.3d 511, 517 (6th Cir.2003) (quoting *Williams,* 529 U.S. at 412).

As cause for his failure to present claim two to the state courts, and in claim four of this habeas corpus petition, the Court presumes that petitioner asserts the ineffective assistance of counsel. Such claim may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

The state appellate court rejected petitioner's claim of ineffective assistance of appellate counsel as follows:

> Lance King had a direct appeal in 1995, at which time his four convictions for aggravated robbery and his conviction for kidnapping were all reviewed. The convictions each had a three year gun specification attached. The conviction and attendant specifications were all affirmed, as were the sentences attached to the convictions and specifications. Two convictions for felonious assault upon police officers were overturned because the evidence was insufficient to support the convictions.
>
> As routinely occurs, this Appellate court remanded the case for further appropriate proceedings. The further appropriate proceedings were nothing more than the entry of a judgment of acquittal for the two charges for which the evidence was insufficient.
>
> As the result of an abundance of caution, the trial court scheduled a resentencing hearing at which time the trial court stated that it was reimposing the sentences which had not been overturned on appeal.
>
> Lance King appealed from the reimposition of his earlier sentences. This court affirmed the action of the trial court in reimposing the sentences.

---

*Norfolk v. Berghuis*, 2006 WL 897135 (W.D. Michigan April 4, 2006).

> Lance King now asserts that his appellate counsel rendered ineffective assistance of counsel in failing to argue that Lance King was prejudiced by the delay between our reversal of the two convictions for felonious assault and the unnecessary resentencing hearing with respect to the remaining sentences. Lance King's assertions have no merit.
>
> Our opinion rendered October 9, 2007 cited to two recent cases from the Supreme Court of Ohio which held that no purpose can be served by forcing a trial court judge to revisit a lawfully imposed sentence for a separate offense which was affirmed on appeal. *See State v. Saxon...* and *State v. Evans....* These cases did not work a change in Ohio law but formalized the normal practice. In such situations, normally explained in terms of res judicata or the law of the case. Lance King's sentence would have been exactly the same if the trial court had handled the case on remand the day after our 1995 opinion as it did when it conducted an unnecessary resentencing hearing in 2008.
>
> Appellate counsel's performance was anything but ineffective. The application and the amended application for reopening are denied.

*Exhibit 37 to Return of Writ*.

The findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e) provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record. 28 U.S.C. §2254(d) provides:

16

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> A state court's determination is contrary to federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or on indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of federal law when the state court correctly identified the applicable legal principle from Supreme Court precedent, but applied that principle to the facts before it in an unreasonable manner. *Id.* at 413, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Maldonado v. Wilson,* 416 F.3d 470, 475 (6th Cir.2005). Petitioner has failed to meet this standard here.

The two prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to appellate counsel. *Burger v. Kemp,* 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate

17

advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Of course, not every decision made by appellate counsel can be insulated from review merely by categorizing it as strategic. The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

> A. Were the omitted issues "significant and obvious?"
>
> B. Was there arguably contrary authority on the omitted issues?
>
> C. Were the omitted issues clearly stronger than those presented?
>
> D. Were the omitted issues objected to at trial?
>
> E. Were the trial court's rulings subject to deference on appeal?
>
> F. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
>
> G. What was appellate counsel's level of experience and expertise?
>
> H. Did the petitioner and appellate counsel meet and go over possible issues?
>
> I. Is there evidence that counsel reviewed all the facts?
>
> J. Were the omitted issues dealt with in other assignments of error?
>
> K. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle,* 171 F.3d 408, 427-28 (6th Cir.1999). The Sixth Circuit cautioned, however, that this list is not exhaustive and need not produce a certain "score." *Id.* at 428.

To establish a claim of ineffective assistance of counsel sufficient to establish cause

for his procedural default, petitioner must show both deficient performance on the part of his appellate attorneys and prejudice from the deficient performance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra,* 466 U.S. at 687. Petitioner has failed to meet this standard here. As discussed by the state appellate court, and contrary to his allegation here, the trial court was not obligated under state law in view of the appellate court's decision vacating two of his convictions, to alter any of the sentences on his remaining convictions, which convictions were upheld on appeal. Therefore, petitioner cannot establish prejudice from his attorney's failure to raise an issue regarding undue delay in re-sentencing him under the second prong of *Strickland.*

Petitioner therefore has failed to establish cause for his procedural default of claim two. Claim four is without merit.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C.§ 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge